UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TERRA SMITH

    Plaintiff,

V.                                                                                           CIVIL ACTION:
                                                                                             3:03CV667(RNC)
AUTO SALES INC.
ELM CITY AUTO FINANCING, LLC.

Defendants.                                                          NOVEMBER 13, 2003

PLAINTIFF'S MEMORANDUM RE MOTION TO COMPEL
UNOBJECTED-TO DISCOVERY

On June 5, 2003 plaintiff served discovery requests on defendant Elm City Finance, LLC. Plaintiff received neither response nor objection to the requests.

The failure to serve a proper objection on opposing counsel within the time limited by the rules waives any objection. *E.g.*, Chubb Integrated Systems v. National Bank, 103 F.R.D. 52 (D.C. 1984). Absent timely objection, a defendant is obligated to provide the requested discovery without court order. Penthouse International Ltd. v. Playboy Enterprises, Inc., 663 F.2d 371 (2d Cir. 1981).

In granting a similar motion in like circumstances, Judge Dorsey ruled "Though plaintiff has not shown a detailed compliance with Local Rule 9, where there is an unexplained failure to comply with disclosure requests that are unobjected to, there is little to discuss." Rosa v. Gramatan Investors Corp., Civil No. N-86-170 (D. Conn. Aug. 19, 1986).

CONCLUSION

Since defendant did not comply with discovery requests, and did not object, the Motion to Compel should be granted in all respects.

THE PLAINTIFF

By /s/ Michael W. Kennedy
Michael W. Kennedy
101 W. Main Street
Branford, CT 06405
Fed. Juris No.: CT19664
(203) 481-4040

### CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following parties of record postage prepaid this 13th day of November, 2003:

Joseph T. Coppola
2 Corporate Dr., Ste. 201
Trumbull, CT 06611
Fed. Juris No.: CT13652

/s/ Michael W. Kennedy
Michael W. Kennedy

October 21, 2003



Joseph T. Coppola
2 Corporate Dr., Ste. 201
Trumbull, CT 06611

RE: Smith v. Auto Sales Inc., et al.

Dear Attorney:

Responses to discovery in the above matter are overdue, and you have therefore waived any objections which might have been made. Practice Rules; cf. Chubb Integrated Systems Inc. V. National Bank, 103 F.R.D. 52 (D.C. 1984).

Please respond to the outstanding discovery by October 30, 2003.

Very truly yours,


Michael W. Kennedy

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TERRA SMITH

    Plaintiff,

V.

AUTO SALES INC.
ELM CITY AUTO FINANCING, LLC.

Defendants.

CIVIL ACTION:
3:03CV667(RNC)

JUNE 5, 2003

COPY

## FIRST SET OF INTERROGATORIES

The plaintiff requests defendants Elm City Finance, LLC to respond to the following interrogatories under oath.   The interrogatories must be signed by the person answering them, and be served upon the plaintiff within 30 days hereof. Please see Local Rule 39 for definitions. These interrogatories shall be deemed continuing so as to require supplementary answers if you obtain further information between the time answers are served and the time of trial.

**With regard to Count one of plaintiff's complaint:**

1. Identify, by date and title, each document as to the transaction alleged in the First Count of the complaint which defendants contend provides the disclosures required by Truth in Lending Act.

2. State the date, place and method of delivery to plaintiff of the Consumer Lending Act disclosure documents and identify each person who gave or mailed to plaintiff the

documents and state the date that plaintiff took delivery of the auto and the date that it actually made payment to him.

3. Set forth all procedures defendants had at the time of the transactions alleged in the complaint which were reasonably adapted to avoid truth in lending violations, and identify the individuals who were responsible for implementation of such procedures.

4. Identify any insurance polices which may cover any of the damages sought in this complaint and state the date on which each insurer was notified of plaintiff's claim.

5. Identify with regards to Count one all documents which contain information concerning the instant transaction. State which, if any, of the documents were furnished to plaintiff, and where and when each such document was furnished to the plaintiff.

6. Identify with regards to Count one the person(s) who were present at the time plaintiff signed the Retail Installment Contract and the date and time signed.

7. Identify with regards to Count one the name of the person at Elm City Finance, LLC. who was responsible for handling/reviewing the file of Terra Smith.

8. State the correct amount financed.

9. State the amount financed, listed on the retail installment contract.

10. State the balance due listed on defendant's monthly billing statement dated 2/7/03.

11. State the correct amount of plaintiff's down payment.

12. State what date plaintiff took delivery of the automobile.

13. State what date defendant Elm City Auto Financing, LLC funded the contract to Auto Sales Inc.

THE PLAINTIFF

By /s/ Michael W. Kennedy
Michael W. Kennedy
101 W. Main Street
Branford, CT 06405
Fed. Juris No.: CT19664
(203) 481-4040

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following parties of record postage prepaid this 5, day of June, 2003:

Joseph T. Coppola
2 Corporate Dr., Ste. 201
Trumbull, CT 06611
Fed. Juris No.: CT13652
(203) 459-8977

_____
Michael W. Kennedy

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TERRA SMITH

    Plaintiff,

V.                                                       CIVIL ACTION:
                                                       3:03CV667(RNC)

AUTO SALES, INC.
ELM CITY FINANCING, LLC.

Defendant.                                           JUNE 5, 2003

## FIRST REQUEST FOR PRODUCTION

The plaintiff requests defendant Elm City Finance, LLC., to produce the following documents at the office of plaintiff's attorney within 30 days hereof. **Produce for each Count, the following documents:**

    1. The entire file or deal jacket representing the plaintiff's transaction.

    2. All records of receipts and payment as to plaintiff's transaction from one month before the inception of plaintiff's transaction, including canceled checks, accounting entries, inventory sheet and the like.

    3. All documents, logs and correspondence relating to defendant's transaction with plaintiff.

    4. All calculation sheets showing the method of arriving at the figures disclosed in plaintiff's transaction.

    5. Documents reflecting payment of license, title and registration fees related to plaintiff's transaction.

    6. All documents reflecting policies, practices and procedures to comply with the

Truth in Lending Act in effect from and after January 1, 2003.

7. All agreements with the financier applicable at the time of plaintiff's transaction.

8. All records of payments and accountings between plaintiff and the defendant as to plaintiff's transaction.

9. All documents created or consulted by defendant in order to calculate or determine the total sales price to plaintiff of the vehicle.

10. All documents showing the cost of the vehicle to defendant upon its acquisition including documents showing the MSRP; the sticker price; the invoice; canceled checks and accounting records.

11. All transaction summaries, books of account, profit and loss statements, relating in whole or in part to the subject purchase since January 1, 2003.

12. All other documents issued, received, created or consulted between January 1, 2002 and the date of your answer to this production request, not previously requested relating to the subject purchase and the vehicle which is the subject of the purchase, including applications for credit, contracts, invoices, purchase orders, assignments, payment and collection records, rebate applications, dealer invoices or periodic statements, correspondence, etc.

13. Identify, by date and title, each document as to the transaction alleged in the complaint which were made between the time of the purchase of the vehicle and the time of the sale of the vehicle to plaintiff(including, but not limited to, title transfers, lease or rental agreements, odometer disclosure notices including those given or received from lessees or sellers or purchasers, service records, gasoline receipts, canceled checks, or service records, warranty records, salesman commissions recall notices, travel journals, and expense records, cost of the vehicle, hold backs, manufacturer's suggested retail price, transportation costs.

THE PLAINTIFF

By _____
Michael W. Kennedy
101 W. Main Street
Branford, CT 06405
Fed. Juris No.: CT19664
(203) 481-4040

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following parties of record postage prepaid this 5, day of June, 2003:

Joseph T. Coppola
2 Corporate Dr., Ste. 201
Trumbull, CT 06611
Fed. Juris No.: CT13652
(203) 459-8977

_____
Michael W. Kennedy