UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAR -4 P 3:08

U.S. DISTRICT COURT
HARTFORD, CT.

TERRA SMITH,
 Plaintiff,

v.         CASE NO. 3:03CV667 (RNC)

AUTO ELM CITY INC., ET AL.,
 Defendants.

## ORDER

The plaintiff commenced this action on April 14, 2003.[1]  On January 13, 2004, the plaintiff filed a motion requesting a settlement conference "for the purpose of early settlement discussions." (Doc. #13.)  The plaintiff's motion was granted and a settlement conference was scheduled for February 24, 2004 at 2:00 p.m.  The undersigned issued a Calendar and Settlement Conference Order ordering, <u>inter alia</u>, the parties to be present at the conference and ordering counsel to submit an <u>ex parte</u> conference memorandum not later than five working days prior to the conference. (Doc. #15.)

On February 12, 2004, the plaintiff filed a motion requesting that she herself be excused from attending the settlement conference.  She asked that her counsel be permitted to attend the conference alone.  The plaintiff claimed that she would "suffer loss of income by attending the settlement

---

[1] On April 23, 2003, Chief Judge Robert N. Chatigny referred the case to the undersigned for all pretrial matters excluding trial. (Doc. #3).

conference and is not in a financial position to loose [sic] half of a day's pay...." (Doc. #16.) A telephonic status conference was scheduled for February 19, 2004 at 2:30 p.m. to discuss the plaintiff's request. On February 12, 2004, the undersigned's staff called counsel for both parties and left a voice message informing them of the telephonic conference and requesting that they contact chambers to confirm their availability. Counsel for the defendants confirmed his availability. Plaintiff's counsel did not respond. The undersigned's staff again called plaintiff's counsel on the morning of February 19, 2004 and left another voice message stating the date and time of the telephonic status conference and asking him to contact chambers to confirm his availability. Plaintiff's counsel again did not respond. On the afternoon of the telephonic conference, only defendants' counsel called chambers to participate in the conference call. Because plaintiff's counsel did not contact chambers, the conference call was not held. The plaintiff's motion to be excused from attending the settlement conference was denied. (Doc. #16.)

In addition to failing to participate in the conference call regarding the settlement conference, plaintiff's counsel failed to submit an <u>ex parte</u> conference memorandum as ordered by the court.

On February 24, 2004, the day of the settlement conference, the plaintiff, defendants and defendants' counsel appeared in chambers at the scheduled time of 2:00 p.m. The plaintiff's

2

counsel was not present. Accordingly, at 2:48 p.m. the court dismissed the parties and defendants' counsel. At approximately 3:00 p.m., the plaintiff's counsel appeared in chambers. Counsel explained that he was late because he had been involved in a car accident.[2]

If the defendants wish to file any motion regarding the above, they shall do so by no later than **April 5, 2004**. The plaintiff's counsel shall serve on his client a copy of this order, and shall file proof of same with the court.

SO ORDERED this 4th day of March, 2004 at Hartford, Connecticut.

                        DONNA F. MARTINEZ
                        UNITED STATES MAGISTRATE JUDGE

---

[2] At 2:40 p.m., plaintiff's counsel called chambers and left a voice message stating that he had been involved in a car accident and was on his way to the settlement conference. The message was not retrieved by the undersigned's staff until after 3:00 p.m.