UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Terra Smith
    Plaintiff

v.

Auto Sales, Inc.
Elm City Finance, LLC
    Defendants

CASE NUMBER: 303 CV 667 (RNC)

April 2, 2004

## DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 16(f) of FEDERAL RULES OF CIVIL PROCEDURE

The Defendants respectfully request pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, that this court order that the Plaintiff's Attorney be sanctioned for his failure to attend the settlement conference scheduled for February 24, 2004, at 2:00PM, before the Honorable Donna F. Martinez, US Magistrate Judge.

The Defendant, and its client appeared for the settlement conference promptly at 2:00PM as directed by the court notice. The Plaintiff's attorney, Michael Kennedy, was not present at that time, and did not leave notice with the Clerk of court nor with the Honorable Donna F. Martinez, US Magistrate Judge, of his whereabouts as of 2:00PM. The actions of Attorney Kennedy were in bad faith for his failure to appear on time. In fact, Attorney Kennedy's client appeared as directed. In addition, the court by order dated March 4, 2004, by the Honorable Donna F. Martinez, US Magistrate Judge, indicates that the plaintiff's counsel failed to submit an ex parte, conference memorandum as previously ordered by the court for purpose of settlement discussion at the conference. The defendant claims that such failure is another indication of bad faith on behalf of the plaintiff's attorney. Without the filing of ex parte, conference

ORAL ARGUMENT REQUEST
TESTIMONY MAY BE REQUIRED

memorandum, the Plaintiff lacks *good faith* in an attempt to come to a resolution at the conference for purposes of discussion.

The Defendants and their counsel left the court house at approximately 2:45 PM, and therefore request that the court sanction the Plaintiff or her attorney Michael Kennedy for the amount of $588.50 in the cost for the Attorney's fees charged by the Defendant's Attorney.

Respectfully submitted,

_____
Joseph T. Coppola
Attorney for the Defendants
CT 13652
2 Corporate Dr., Ste. 201
Trumbull, CT 06611
Tele. 203)459-8977
Fax (203)459-0333

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was mailed postage prepaid on this date to the following:

Michael W. Kennedy, Esq.
101 W. Main St.
Branford, CT 06405

_____
Joseph T. Coppola, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Terra Smith
    Plaintiff

v.

Auto Sales, Inc.
Elm City Finance, LLC
    Defendants

CASE NUMBER: 303 CV 667 (RNC)

February 16, 2004

## ORDER

The foregoing <u>DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 16(f) of FEDERAL RULES OF CIVIL PROCEDURE</u>, dated April 2, 2004, having come before this court and after argument it is hereby ORDERED:

GRANTED




DENIED




Dated at Hartford, Connecticut on _____, 2004

The Court


_____
by

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Terra Smith
    Plaintiff

v.

Auto Sales, Inc.　　　　　　　　　　CASE NUMBER: 303 CV 667 (RNC)
Elm City Finance, LLC
    Defendants　　　　　　　　　April 2, 2004

MEMORANDUM OF LAW IN SUPPORT
DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO
RULE 16(f) of FEDERAL RULES OF CIVIL PROCEDURE

The Defendants respectfully request pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, and Rule 16 (f) and (g), of the US District Court, District of Connecticut LOCAL RULE OF CIVIL PROCEDURE, that this court order that the Plaintiff's Attorney be sanctioned for his failure to attend the settlement conference scheduled for February 24, 2004, at 2:00PM, before the Honorable Donna F. Martinez, US Magistrate Judge.

**RULE 16 (f) of the Federal Rule of Civil Procedure**

According to RULE 16 (f):

*(f) Sanctions. If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of*

*any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.*

The request for the imposition of Sanctions can be by the made by a party to the matter or by the Court on its own initiative.

The Defendant, and its client appeared for the settlement conference promptly at 2:00PM as directed by the court notice. The Plaintiff's attorney, Michael Kennedy, was not present at that time, and did not leave notice with the Clerk of court nor with the Honorable Donna F. Martinez, US Magistrate Judge, of his whereabouts as of 2:00PM. The actions of Attorney Kennedy were in bad faith for his failure to appear on time. In fact, Attorney Kennedy's client appeared as directed. In addition, the court by order dated March 4, 2004, by the Honorable Donna F. Martinez, US Magistrate Judge, indicates that the plaintiff's counsel failed to submit an ex parte, conference memorandum as previously ordered by the court for purpose of settlement discussion at the conference. The defendant claims that such failure is another indication of bad faith on behalf of the plaintiff's attorney. Without the filing of ex parte, conference memorandum, the Plaintiff lacks *good faith* in an attempt to come to a resolution at the conference for purposes of discussion.

The Defendants and their counsel left the court house at approximately 2:45 PM, and therefore request that the court sanction the Plaintiff or her attorney Michael Kennedy for the amount of $588.50 in the cost for the Attorney's fees charged by the Defendant's Attorney.

Respectfully submitted,

_____
Joseph T. Coppola
Attorney for the Defendants
CT 13652
2 Corporate Dr., Ste. 201
Trumbull, CT 06611
Tele. 203)459-8977
Fax (203)459-0333

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

Terra Smith
    Plaintiff

v.

Auto Sales, Inc.                     CASE NUMBER: 303 CV 667 (RNC)
Elm City Finance, LLC
    Defendants                      April 2, 2004

**AFFIDAVIT OF ATTORNEY'S FEES**

I, Joseph T. Coppola, hereby depose and state that:

1. I am attorney licensed to practice under the laws of the State of Connecticut since November 1991.

2. That based on my experience, I charge the hourly rate of $275.00.

3. That on February 24, 2004, I traveled from my office in Trumbull to the US District Court, Hartford, Connecticut, for the settlement conference. Travel Time was 40 minutes.

4. That on February 24, 2004, I remained at the US District Court, Hartford, Connecticut, for 45 minutes.

5. That on February 24, 2004, I traveled from the US District Court, Hartford, Connecticut, to my office in Trumbull, Connecticut. Travel Time was 40 minutes.

6. The total time I expended for the settlement conference scheduled for February 24, 2004 was 2 hours and 5 minutes.

7. I am requesting the fee of $588.50.

_____
Joseph T. Coppola

Sworn and subscribed to before me on April 2, 2004.

_____
John S. Witek
Notary Public *(my commission expires 11/30/04)*