**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| Terra Smith | : | |
|     Plaintiff | : | |
| v. | | |
| | : | |
| Auto Sales, Inc. | | CASE NUMBER: 303 CV 667 (RNC) |
| Elm City Finance, LLC | | |
|     Defendants | : | November 22, 2004 |

**DEFENDANT'S TRIAL MEMORANDUM**

A.    <u>FACTS ACCORDING TO THE DEFENDANTS</u>

These are the facts as understood by the Defendants. The parties entered into a "Retail Installment Contract" dated February 4, 2003, whereby the Plaintiff agreed to purchase a motor vehicle from the defendant, Auto Sales, Inc., and receive financing from Elm City Finance, LLC, in order to complete the transaction. The Plaintiff executed the *Retail Installment Contract* on February 4, 2003, however, she mistakenly dated the agreement "2/3/2003." The Plaintiff paid a total amount of $3,000.00, as a "down payment", and received financing in the amount of $3,155.64, at the rate of 11.98%, for a term of 18 months, commencing on March 1, 2003. The vehicle was delivered to her after the execution of the transaction documents including the *Retail Installment Contract*. The Plaintiff received copies of the documents on February 4, 2003, with the exceptions of the documents regarding the registration with the State of Connecticut DMV; the vehicle was registered on February 5, 2003.

The Plaintiff failed to make the March 1, 2003, payment on the vehicle. The defendant, Elm City Finance, LLC, took repossession of the vehicle on April 1, 2003. Thereafter, the Defendant Elm City Finance, LLC, issued a certified letter containing the

notice of repossession dated April 2, 2003; which was mailed certified and received by Terra Smith on April 7, 2003.  The Plaintiff took no steps to redeem the property.  The Defendant, Elm City Finance, LLC, by letter dated May 29, 2003, informed the Plaintiff that the vehicle would be sold on June 16, 2003.  The Plaintiff took no steps to be present at the sale nor to bring the account current.

B.  DEFENDANTS' WITNESSES

   The Defendants' intend to call the following witness to testify at trial:

   1. Robert Williams
      1925 State St.
      Hamden, CT 06517

   2. Marie Busher
      1925 State St.
      Hamden, CT 06517

   The witnesses are expected to testify about the execution of the Retail Installment Contract and the purchase of the vehicle by the Plaintiff.  The witnesses are expected to testify concerning the repossession of the vehicle and the sale thereafter.  The witnesses are expected to testify concerning the Defendants training and procedures concerning the preparation and execution of the Retail Installment Contracts and the procedures concerning the Truth In Lending Act.

C.  DOCUMENTS TO BE INTRODUCED AS EVIDENCE

   The Defendants intend to offer the following documents in support of its defense:

   1. *Retail Installment Contract* dated "2/4/2003".
   2. Retail Purchase Order For Used Motor Vehicle dated 1/31/03.
   3. Odometer Disclosure statement dated 2/5/03.
   4. Invoice provided by Auto Sales, Inc. dated 2/4/03.
   5  Buyers Guide provided by Auto Sales, Inc.
   6. Elm City Financing, LLC Credit Application.
   7. Copy of Connecticut Registration Form.

    8.      Copy of Certificate of Title.
    9.      Copy of State of Connecticut Department of Motor Vehicle Temporary Registration Certificate.
    10.    Copy of the Official Registration, State of Connecticut Department of Motor Vehicle.
    11.    Copy of Temporary Connecticut Insurance ID card.

D.      DEFENDANTS' DEFENSE TO PLAINTIFF'S CLAIMS

The Defendants claims that it did not *willfully and did not intentionally* violate, if there is deemed to be a violation, the Truth In Lending Act, 15 U.S.C. Section 1610, et., seq., the Connecticut Truth In Lending Act, Conn. Gen. Statutes Section 36a-676, et., seq., the Connecticut repossession Act, Conn. Gen. Statutes Section 36a-785, et., seq., Article 9, part 5 of the Connecticut General Statutes, nor the Connecticut Unfair Practices Act, Conn. Gen. Statutes Section 42-110a, et., seq. The Defendants' employees correctly completed the Retail Installment Contract in accordance with the requirements of Truth In Lending Act, 15 U.S.C. Section 1610, et., seq., and the Connecticut Truth In Lending Act, Conn. Gen. Statutes Section 36a-676, et., seq. The Defendants timely competed and timely provided copies to the Plaintiff the Retail Installment Contract in accordance with the requirements of Truth In Lending Act, 15 U.S.C. Section 1610, et., seq., and the Connecticut Truth In Lending Act, Conn. Gen. Statutes Section 36a-676, et., seq.

The Defendant, Elm City Financing, LLC, notified the Plaintiff that she was in default of the obligations of a Retail Installment Contract by failing to make payments. The Defendant, Elm City Financing, LLC, repossessed the Plaintiff's vehicle and provided her with notice of the repossession pursuant to Conn. Gen. State. Section 36a-785.

A violation, if any, may have been as a result of unintentional and of a bone fide error. Therefore, the Defendant argues against the award of any damages.

## CERTIFICATE OF SERVICE

**This is to certify that the foregoing was mailed postage prepaid on November 22, 2004, to the following:**

Michael W. Kennedy, Esq.
1204 Main St., No. 275
Branford, CT 06405

_____
Joseph T. Coppola, Esq.