UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TERRA SMITH

    Plaintiff,

V.                                                          CIVIL ACTION:
                                                              3:03CV667(RNC)

AUTO SALES INC.

ELM CITY AUTO FINANCING, LLC.

Defendants.                                                NOVEMBER 23, 2003

## PLAINTIFF'S TRIAL MEMORANDUM

(1) TRIAL COUNSEL:

Michael W. Kennedy
1204 Main Street, No. 275
Branford, CT 06405
Fed. Juris No.: CT19664
(203) 481-4040
Attorney for plaintiff

Joseph T. Coppola, Esq.
2 Corporate Dr., Ste. 201
Trumbull, CT 06611
Fed. Juris No.: CT13652
(203) 459-8977
Attorney for defendant

(2) JURISDICTION:

Truth In Lending Act 15 U.S.C. §1601 28 U.S.C. §§ 1331 and 1367

(3) JURY/NON JURY:

Both parties agree to a court trial

(4) LENGTH OF TRIAL:

The plaintiff anticipates a one-day trial.

(5) FURTHER PROCEEDINGS:

No further proceedings are required prior to trial.

(6) NATURE OF CASE:

**Count I**

Plaintiff's first cause of action is pursuant to the Truth in Lending Act 15 U.S.C. 1601 et seq. (TILA). Plaintiff purchased an automobile for personal, family or household use from Auto Sales Inc., January 31, 2003. Defendant Auto Sales Inc. arranged for financing through defendant Elm City Financing, LLC (ECF) and assigned the note to Elm City Financing, LLC.

Plaintiff contends that both defendants failed to disclose the correct date on the Retail Installment Contract. Plaintiff signed the retail installment contract February 3, 2003. Defendant's backdated the retail installment contract to February 4, 2003.

Plaintiff's first set of interrogatories: Paragraph No. 2. State the date, place and method of delivery to plaintiff of the Consumer Lending Act disclosure documents and identify each person who gave or mailed to plaintiff the documents and state the date that plaintiff took delivery of the auto and the date that it actually made payment to him.

Defendant's supplemental compliance and amended Answers to Plaintiff's First Set of interrogatories, dated February 2, 2003. Paragraph No. 2 Defendant alleges that the contract was not signed until February 5, 2003 yet goes on to state that Auto Sales, Inc. representatives Marie Busher and Robert Williams provided copies of Retail Installment Contract on February 4, 2003.

Therefore plaintiff did not receive a retail installment contract in accordance with the rules and regulation of the TILA 15 U.S.C. 1601, et seq.

Plaintiff contends that the odometer statement is dated February 5, 2003 as further

Improper disclosure of the above entitles the consumer to statutory damages, costs, and attorney fees. 15 U.S.C. $\delta1640(a)(3)$.

The plaintiff $1,000.00 as statutory damages, costs, and attorney fees pursuant to 15 U.S.C. δ1640(a)(3).

**Count II**

Any violation of the TILA or the Retail Installment Sales Financing Act (RISFA) will trigger a violation of the Connecticut Unfair Trade Practices Act, C.G.S. 42-110a.

**Count III**

Plaintiff contends that the defendant violated the Retail Installment Sales Financing Act (RISFA) C.G.S. 36(a) -785(c).

The defendant repossessed the plaintiff's car April 1, 2003. The defendant Elm City Financing accelerated the note and did not allow the plaintiff to come current with her payments. Therefore plaintiff alleges the defendant misstated the statute and improperly advised the plaintiff of her right under the statute, pursuant to C.G.S. 36(a) -785(c)

**Count IV**

    The defendant did not inform the plaintiff that it was accelerating the note nor did it send the plaintiff a notice of plaintiff's right to cure the default, if any.

The vehicle which is the subject of this actions falls within the definition of consumer goods", Conn. Gen. Stat § 42a-9-109.

In the course of the transaction with plaintiff the defendant violated the provisions of Article 9, Part ( 5 ) of the Conn. Gen. Statute including but not limited to the following violations.
      a).  failure to proved proper notice of sale; 42a-9-504 C.G.S.
      b).  improper calculation of a deficiency; 42a-9-504 C.G.S.
      c).  frustrated the plaintiff's right to redeem the collateral; 42a-9-506 C.G.S.
       d).  failing to sell the vehicle in a commercially reasonable manner, 42a-9-504 C.G.S.

**Count V**

Defendant ECF has converted plaintiff's personal property to wit: one Used 1996 Mitsubishi Eclipse and refused to return it despite demand.

(7) TRIAL BY MAGISTRATE JUDGE:

The parties do not consent to a trial in front of a Magistrate Judge.

(8) LIST OF WITNESSES:

Plaintiff intends to call:

Terra Smith
76 Fowler Street
A 1L
New Haven, CT 06575

Plaintiff anticipates testimony as to the figures and dates listed on all exhibits. Specifically the Retail Installment Contract and Retail Purchase Order.

Plaintiff also intends to introduce evidence regarding the amount paid on the contract to determine damages pursuant the RISFA.  C.G.S. 36(a)-785.

Plaintiff anticipates 90 minutes of testimony.


Marie Busher and Robert Williams
Auto Sales Inc.
1925 State street
Hamden, CT 06517

Plaintiff intends to call the sales / finance manager of Auto Sales Inc., plaintiff wishes to introduce evidence of the transaction and procedures in place at the time of the transaction as to avoid the violations of the TILA.   Plaintiff anticipates 90 minutes of testimony.

Elm City Financing, LLC
P.O. Box 8865
New Haven, CT 06532

Plaintiff intends to call the owner or representative of Elm City Financing, LLC, plaintiff wishes to introduce evidence of the transaction and procedures in place at the time of the transaction as to avoid the violations of the TILA in addition to licensing requirements or a sales finance company and their compliance.  Plaintiff anticipates 60 minutes of testimony.

9) EXHIBITS

1. Retail Purchase Order for Motor Vehicle

2. Invoice

3. Repossession letter dated April 2, 2003

4. Certified letter account no. 70021000000496035344

5. Repossession letter dated May 29, 2003

6. Odometer Statement

7. Title to motor vehicle

8. Connecticut registration to the motor vehicle

9. Retail Installment Contract

10. In addition to the above any additional exhibit's that the defendant may provide.

(10) TRIAL TO COURT

Plaintiff's findings of fact and conclusions of law.

a. That the defendant backdated the retail Installment Contract.

b. That the defendant disclosed the wrong down payment.

c. That defendant Elm City financing is not a licensed sales Finance company on the date of this transaction.

d. That the defendant failed to disclose the accurate annual percentage rate on the retail purchase order. 15 U.S.C. 1638 (a) (4)

e. That the defendant failed to provide a statement indicating whether or not the consumer is entitled to a rebate of any finance charge upon refinancing or

prepayment in full pursuant to acceleration or otherwise pursuant to 15 U.S.C. 1638 (a)(11).

f. That the defendant failed to disclose a statement that a security interest has been taken in the 1993 Ford Aerostar (the property which is purchased as part of the credit transaction) pursuant to 15 U.S.C. 1638 (a)(9) & 12 C.F.R. δ226.18(o).

g. The defendant repossessed the plaintiff's car April 1, 2003

h. The defendant misstated the statute and improperly advised the plaintiff of her rights under the statute RISFA 36a-785.

i. The defendant violated Article 9, Part (5) of the Conn. Gen. Stat. and committed common law conversion.

(11) ANTICIPATED EVIDENTIARY PROBLEMS

The parties have none at the time of filing this motion

THE PLAINTIFF


By_____
Michael W. Kennedy, Esq.
1204 Main Street, No. 275
Branford, CT 06405
Fed. Juris. No.: CT19664
(203) 481-4040


## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following parties of record postage prepaid this 24th day of November, 2004:

Joseph T. Coppola, Esq.
2 Corporate Dr., Ste. 201
Trumbull, CT 06611

_____
Michael W. Kennedy