UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TERRA SMITH

    Plaintiff,

V.                                                  CIVIL ACTION NO
                                                         3:04CV0 (SRU)

AUTO SALES, INC.
ET AL

    Defendants.                                   NOVEMBER 30, 2005

MOTION TO ENFORCE SETTLEMENT AGREEMENT, JUDGMENT
AND ATTTORNEY FEES

      The plaintiff requests that the Court enforce the Settlement Agreement. On or about October 24, 2005 plaintiff through her attorney Jayne F. Kennedy and defendant Auto Sales, Inc. and defendant Elm City Finance LLC through their attorney Joseph T. Coppola, reached the following settlement agreement: The settlement agreement was reached at the settlement conference through the assistance of United States Magistrate Judge William I. Garfinkle at the United States District Court.

      In consideration of $3,500 on or before November 23, 2005 and $3,500 on or before March 1, 2006 plaintiff would withdrawal the above captioned case and a Stipulation for Dismissal with prejudice would be entered, subject to consent of the Court.

ORAL ARGUMENT NOT REQUESTED

Neither defendant Auto Sales, Inc. nor defendant Elm City Finance, LLC has paid the agreed sum of $3500 due no later than November 23, 2005 under the agreement. On November 22, 2005 the undersigned contacted Attorney Joseph T. Coppola, via e-mail, to ascertain whether a check would be issued, to date he has not responded.

THE PLAINTIFF

By_____
  Jayne F. Kennedy
  44 Sunset Hill Drive
  Branford, CT 06405
  Fed. Juris No.: ct20179
  (203) 483-4500

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following parties of record postage prepaid this  day of November 30 , 2005:

Joseph T. Coppola
2 Corporate Drive
Suite 201
Trumbull, CT 06611

_____

Jayne F. Kennedy

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TARRA SMITH

    Plaintiff,

V.                                                                                CIVIL ACTION NO
                                                           3:03CV667 (SRU)

AUTO SALES, INC.

ELM CITY FINANCE, LLC                                      NOVEMBER  , 2005

PLAINTIFF'S MEMORANDUM SUPPORTING
JUDGMENT UPON SETTLEMENT

On or about October 24, 2005 the parties reached a settlement agreement in the above matter; defendant Auto Sales, Inc. and/or defendant Elm City Finance, LLC would pay to plaintiff the sum of $3,500 on or before November 23, 2005.  In addition the defendants would pay plaintiff an additional sum of $3,500 no later than March 1, 2006.  To this date the above defendants have not paid the agreed sum of $3,500.

AGREEMENT IS ENFORCEABLE SUMMARILY

There is a strong public policy to encourage settlements and thereby avoid wasteful litigation. "Should a court system awash in backlog delay further the disposition of case where there is convincing proof that a settlement has been reached?" Janneh v. GAF Corp. , 887 F 2d 432 (2d Cir. 1989).  " As any litigator or judge can attest, the best case is a settled case .... In a very real sense, all of the parties -- and the court as an institution -- win when litigation is settled amicably short of trial." Mathewson Corp. v.

Allied Marine Ind., Inc. , 827 F. 2d 850, 852 857 (1st Cir. 1987).

Settlement agreements are favored by the courts, which have inherent power to enforce such agreement summarily, even if they are not reduced writing. Aro. v. Allied Witan Co. , 531 F. 2d 1368, 1371 (6th Cir. ), Cert.denied, 429 U:.S. 862 ( 1976); Autera v. Robinson , 419 F. 2d 1197 (D.C. Cir. 1969).

The agreement in this case was made on or about October 24, 2005, no further writing was needed to effectuate it. Dependahl v. Falstaff Brewing Co. , 448 F. Supp. 813 (E.D. Mo. 1978) Read v. Baker , 438 F. Supp. 737 ( D. Del. 1977).

Once an agreement is reached, the parties cannot rescind the same. Kelly v. Greer, 365 F. 2d 669 (3d Cir.) (1996). The Court enforces the language of the agreement because the parties are bound by its terms,. Kohl Indus. Park v. County of Rockland , 710 F. 2d 895, 903-04 (2d Cir. 1983).

It is beyond the court's discretion to alter the terms or refuse to enforce a settlement, absent special circumstances not present here, such as illegality or fraud. In re Air Crash Disaster , 687 F. 2d 626 ( 2d Cir. 1982). No special circumstances exist here.

Courts have inherent power to grant attorney fees for failure to honor a settlement agreement. Schmidt v. Zazzara, 544 F. 2d 412 ( 9th Cir. 1976).

## CONCLUSION

The Court should enter such orders as are necessary to finalize the settlement, and bifurcate the costs and attorney fees from the settlement agreement and preparation of documents for settlement plus an award of attorney's fees for this motion to plaintiff upon

application <u>Mal Spinrad, Inc. v. Commercial Sewing</u> , 13 Conn. L Trib. #41 p. 17 ( 1987)

and 14 Conn. L. Trib #1 ( 1988).

THE PLAINTIFF


By_____
  Jayne F. Kennedy
  44 Sunset Hill Drive
  Branford, CT 06405
  Fed. Juris No. ct20179
  (203) 483-4500

## **CERTIFICATION**

   I hereby certify that a copy of the foregoing was mailed to the following parties

of record postage prepaid this 30 day of November, 2005

Joseph T. Coppola
2 Corporate Drive
Suite 201
Trumbull, CT 06611


_____

Jayne F. Kennedy